[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11426

_____

D.C. Docket No. 8:12-cr-00136-MSS-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WEYLIN O. RODRIGUEZ,
a.k.a. Rico,
a.k.a. Weylin Ollie Rodriguez,
a.k.a. David Johnson,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 5, 2015)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Weylin O. Rodriguez was convicted by a jury of one count of conspiracy to commit sex trafficking, in violation of 18 U.S.C. §§ 1591(a) and 1594; three counts of sex trafficking a minor by force, in violation of 18 U.S.C. §§ 1591(a), (b), 3559(e), and 2; one count of sex trafficking adults, in violation of 18 U.S.C. §§ 1591(a), (b), and 2; one count of using a firearm in furtherance of sex trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, one count of transporting minors for prostitution, in violation of 18 U.S.C. §§ 2423(a), 3559(e), and 2; one count of enticing an adult to travel in interstate commerce for prostitution, in violation of 18 U.S.C. §§ 2422(a) and 2; and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to life imprisonment, plus a five-year mandatory consecutive prison term for his conviction for using a firearm in furtherance of sex trafficking by force.

Beginning in January of 2010, Rodriguez ran a prostitution ring that recruited minors as young as 14 years old. He lured young girls to work for his company, GMB Entertainment, under the guise of helping them attain a modeling career. Rodriguez then physically, emotionally, and sexually abused the girls. Throughout the course of administering his criminal enterprise, Rodriguez regularly carried a firearm and often slept with a firearm under his pillow.

On appeal, Rodriguez raises the following issues:

2

1. Did the district court improperly apply an enhancement to Rodriguez's overall offense level for obstruction of justice, pursuant to U.S.S.G. Section 3C1.1?

2. Is Rodriguez's life sentence a substantively unreasonable sentence?

3. Is Rodriguez's sentence unfairly disparate to that received by co-defendants Tatijuana Joye and Pria Gunn?

4. Did the district court abuse its discretion by refusing Rodriguez the opportunity to cross examine witnesses on prior convictions, pursuant to Federal Rule of Evidence 609(a)(2), and did the exclusion of such evidence deprive him of a fair trial?

5. Did the district court abuse its discretion by admitting into evidence, pursuant to Federal Rule of Evidence 404(b), Rodriguez's prior conviction for the offense of indecent liberties with a minor?

6. Was there sufficient evidence to prove that Rodriguez possessed a firearm in furtherance of a crime of violence, specifically sex trafficking of minors B.W., and N.W. or by force, fraud or coercion, in violation of Title 18, U.S.C. Section 924(c) (Count Seven)?

7. Did the district court improperly apply a two-level sentencing enhancement for undue influence, pursuant to U.S.S.G. Section 2G1.3(b)(2)(B)?

8. Did Rodriguez's trial counsel provide ineffective assistance by failing to offer mental health evidence in mitigation of the life sentence sought by the United States; by failing to advise him to apologize to the victims and the court, thereby demonstrating that Rodriguez showed a lack of remorse, regret, or desire to rehabilitate himself; and for advising him not to make a statement in allocution to the district court?

After review and oral argument, we conclude that all of these issues lack merit, and thus affirm Rodriguez's convictions and sentences.  In regard to Rodriguez's 8th claim, involving purported ineffective assistance of counsel, we note that the record is not sufficiently developed to entertain this issue on direct appeal.  "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record."  *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (internal quotation marks omitted).  "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance."  *Id.* (internal quotation marks omitted).

    **AFFIRMED.**